## Dick Saddler *v.* The State.

Assault with Intent to Rape by Force — Fact Case.— To warrant a conviction for assault with intent to commit a rape by force, it must appear that the force was such as might reasonably be supposed sufficient to overcome resistance, considering the relative strength of the parties, and other circumstances of the case.   See facts *held* insufficient to meet this criterion.

Appeal from the District Court of Brown.   Tried below before the Hon. W. A. Blackburn.

The case is sufficiently disclosed in the opinion.   A term of five years in the penitentiary was the punishment assessed against the defendant.

No brief for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

Winkler, J.   The appellant was charged by the indictment with an assault with intent to ravish and carnally know one certain female whose name is set out in the indictment, "by force and without her consent."

The person upon whom the assault is alleged to have been committed was the only witness who testified at the trial.    Her testimony, after stating that she was a widow and living with her son, and identifying the defendant, in reference to the charge said: "My son was not at home on the night of the 13th July, 1881; there was no one there with me that night except my little grandchild, about five or six years old.    The defendant knew my son was away from home that night.    I slept under an arbor that night, and some time during the night the defendant woke me up by pulling up my clothes, and when I looked up he was standing by my bed.    I told him to leave and he stepped back a foot or two and stopped and looked back at me, and said he would leave when he pleased.    I ordered him three times to leave, and he walked off muttering something I could not understand.    The moon was shining brightly and I recognized the defendant Dick Saddler.    I know him well."

It must be conceded that agreeably to this testimony the conduct of the defendant was highly improper, and perhaps sufficient to subject him to a conviction for an aggravated assault; but, however reprehensible his conduct, we are constrained to say that the testimony utterly fails to show any attempt on his part to employ any force whatever in the accomplishment of his purpose, whatever that may have been.

When rape is intended to be accomplished by force, the force must be such as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties and other circumstances of the case.    Penal Code, art. 529.    An assault with intent to commit any other offense is constituted by the existence of the facts which bring the offense within the definition of an assault, coupled with an intention to commit such other offense, as maiming, murder, rape or robbery.    Penal Code, art. 506.    It was perhaps a deli-

cate subject for the trial judge to deal with under the circumstances, but inasmuch as he refused a new trial on the evidence, which is wholly insufficient to support the verdict, rather than the case stand as a precedent this court cannot do otherwise than reverse the judgment and remand the case for a new trial.

*Reversed and remanded.*